UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John R. Wood,<br><br>Petitioner,<br><br>vs.<br><br>William R. Byars, Jr., *Commissioner, South Carolina Department of Corrections*;<br>Wayne C. McCabe, *Warden of Lieber Correctional Institution*,<br><br>Respondents.<br>_____ | ) C/A No. 0:12-MC-427-DCN-PJG<br>)<br>)<br>)<br>)<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on a Motion for Stay of Execution and Appointment of Counsel ("Motion for Stay") filed on behalf of John R. Wood ("Petitioner") on December 7, 2012. (ECF No. 1). Respondents filed a Response to the Motion on December 12, 2012. (ECF No. 7). Petitioner filed a Reply to the Response on December 13, 2012. (ECF No. 10).

The Clerk of Court shall list the parties on the docket as they are listed in the caption of this order. Specifically, the Clerk of Court shall add "Wayne C. McCabe, *Warden of Lieber Correctional Institution*" as a Respondent because a prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

Review of the pleadings discloses that Petitioner's convictions arise out of the December 6, 2000 murder of South Carolina Highway Trooper Eric Nicholson. The Court of General Sessions for Greenville County sentenced Petitioner to death for murder and possession of a weapon during the commission of a crime on February 16, 2002. *State v. Wood*, Case No. 01-GS-23-3106. Petitioner fully pursued his state court remedies, and, on Friday, December 7, 2012, the Supreme Court of South

Carolina issued an order setting Petitioner's date of execution on **Friday, January 4, 2013**.  Petitioner asks this Court to stay his execution to allow him to fully pursue a § 2254 federal habeas corpus petition, and Respondents do not oppose the requested stay. (ECF No. 7, Resp. 1).

A stay of execution for a sentence of death imposed by a court of a state is governed by 28 U.S.C. § 2251(a)(3) and the holding in *McFarland v. Scott*, 512 U.S. 849 (1994).[1] "The federal habeas corpus statute grants any federal judge 'before whom *a habeas corpus proceeding is pending*' power to stay a state-court action 'for any matter involved in the habeas corpus proceeding.' " *McFarland*, 512 U.S. at 857 (citing 28 U.S.C. § 2251) (emphasis in original).  When a capital defendant invokes his or her right to counsel under 28 U.S.C. § 2251, a federal court has jurisdiction to issue a stay of execution. *McFarland*, 512 U.S. at 858 ("once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution"). Further, "[i]f the district court cannot dismiss the [first federal habeas] petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

In his Motion to Stay, Petitioner also requests that this Court appoint counsel and that they be directed to submit a petition on his behalf.  Thus, Petitioner has invoked his right to appointed counsel and, therefore, this "federal court also has jurisdiction under § 2251 to enter a stay of execution." *McFarland*, 512 U.S. at 858.

The Court finds that there is insufficient time before the scheduled execution for counsel who might be appointed to "meaningfully . . . research and present [Petitioner's] habeas claims." *McFarland*,

---

[1] Chapter 154 of Tile 28 contains special habeas corpus procedures in capital cases if specified criteria are met, *see* 28 U.S.C. §§ 2261–66, but the parties agree these provisions do not apply in this case.

2

512 U.S. at 858.  Also, the Court finds that it will be impossible for the Court to consider the merits of Petitioner's habeas petition, which has not yet been filed, until after his scheduled execution date.

Accordingly, Petitioner's Motion for Stay of Execution is **granted**.

An order appointing counsel will issue separately.

The Clerk of Court shall assign a civil action number to this case.

This matter is referred to the assigned United States Magistrate Judge for preliminary proceedings.

**IT IS SO ORDERED.**

_____
David C. Norton
United States District Judge

December 14, 2012
Charleston, South Carolina