IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John R. Wood, | C/A No. 0:12-3532-DCN-PJG |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | |
| William R. Byars, Jr., *Commissioner, South Carolina Department of Corrections*, and Wayne C. McCabe, *Warden of Lieber Correctional Institution*, | **ORDER** |
| Respondents. | |

This death penalty habeas corpus matter is before the court on a motion to stay filed by the petitioner, John R. Wood ("Wood").[1] On September 19, 2013, Wood filed his Petition and simultaneously filed a motion to stay and hold this matter in abeyance pending the exhaustion of claims that have previously not been presented to the state courts. (ECF Nos. 85 & 86.) The respondents responded in opposition to the motion (ECF No. 89) and Wood replied (ECF No. 92). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC and upon review of the parties' filings, the record, and the applicable law, the court grants Wood's motion to stay.

## BACKGROUND

In February 2002, Wood was convicted of murder and possession of a weapon during the commission of a violent crime, for the murder of a South Carolina Highway Patrolman, and he was sentenced to death. Wood's conviction and sentence were affirmed on direct appeal and the United

---

[1] The court has previously granted Wood's motion for a stay of execution and has appointed counsel to represent Wood in this matter.

Page 1 of 5



States Supreme Court denied certiorari review. Wood subsequently filed a *pro se* application for post-conviction relief ("PCR"). PCR counsel filed an amended PCR application at the initial PCR hearing, and at the beginning of the hearing, Wood requested to waive his PCR action and any further appeals. Following consultation with counsel during a recess, Wood maintained his request and the PCR court issued an Order requiring an evaluation of Wood's competency to waive his PCR. Before the evaluation, Wood decided to proceed with his PCR application; the evaluation nevertheless occurred but without Wood's cooperation. Thereafter, PCR counsel filed a second amended PCR application, raising eleven grounds. Following an evidentiary hearing, the PCR court issued an Order of Dismissal with Prejudice, rejecting Wood's claims. Following denial of his motion for reconsideration, Wood filed a petition for a writ of certiorari, raising three claims, which the South Carolina Supreme Court denied.

In the instant Petition, Wood presents ten grounds, stating that Grounds Four through Ten are "unexhausted." Immediately before filing the Petition in this matter, Wood filed another PCR application in state court raising Grounds Four through Ten, and that matter is currently pending.

## DISCUSSION

Wood argues that his Petition is a "mixed" Petition and therefore requests that the court stay this habeas action pursuant to Rhines v. Weber, 544 U.S. 269 (2005), until the state court rules on his pending second PCR application.

Pursuant to Rhines, a federal habeas case may be stayed and held in abeyance "where such a stay would be a proper exercise of discretion." Id. at 276. The Supreme Court further stated that in certain instances where a petitioner had filed a "mixed" petition—a petition containing exhausted and unexhausted claims—an exercise of such discretion would be proper. Id. at 272-73, 276.

PJG

Prior to Rhines and the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), total exhaustion of state remedies was required prior to the filing of a federal habeas petition, which required all mixed petitions to be dismissed without prejudice. Rose v. Lundy, 455 U.S. 509 (1982); Rhines, 544 U.S. at 273-74. After the enactment of AEDPA, which included a one-year statute of limitations for the filing of federal habeas petitions under § 2254, the Supreme Court modified the rule regarding mixed petitions in certain limited circumstances. The modification was due to the fact that situations could arise where a mixed petition is timely filed in federal court, but the result of dismissing the federal habeas petition may result in time-barring the petitioner from returning to federal court after completing his obligation to exhaust all issues. Rhines, 544 U.S. at 275. Therefore, the Rhines Court held that a district court may in limited circumstances stay a habeas proceeding; however, it is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Additionally, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. Accordingly, a stay should be granted where a petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

In support of his motion, Wood argues that his Petition constitutes a "mixed" petition and that he satisfies the requirements of Rhines. The respondents first dispute whether Wood's Petition is a mixed Petition. The parties appear to agree that Grounds Four through Ten were never presented to the state courts. However, the respondents argue that the Petition does not contain any "unexhausted claims" because based on the state court's rules and holdings, Wood's recently filed PCR application will be dismissed as successive and/or untimely. The court cannot find under the

PJG

circumstances in this case that the state court remedies are unavailable; moreover, that determination should be made by the state court in Wood's pending PCR action. See, e.g., Staton v. McCall, C/A No. 5:12-cv-02483-GRA, 2013 WL 3551546, at *4 (D.S.C. July 11, 2013) ("Moreover, with regard to any questions about whether Petitioner is procedurally barred from proceeding in the pending state court proceedings with his claim because of his failure to raise it on direct appeal, the Court finds, as the Magistrate Judge did, that such questions are best resolved there."); (compare Respts.'s Resp. Mem., ECF No. 89 at 21-25 (discussing the law regarding successive and untimely applications and providing argument in support of their position that Wood's pending PCR action will be dismissed and therefore Wood has no state remedies available) with Petr.'s Reply Mem., ECF No. 92 at 3-4 (discussing cases where the state courts have permitted a successive PCR application to proceed)).

With regard to the Rhines factors, Wood argues that while "good cause" has not been defined, "the requirement is not a particularly demanding one." (Petr.'s Mot. Stay, ECF No. 86 at 4.) In support of his "good cause," Wood appears to argue that his counsel in his original PCR proceeding were ineffective in failing to raise Grounds Four through Ten. Although the respondents contend that this argument is speculative and conclusory, under the facts and circumstances of this case, the court finds that Wood has demonstrated good cause. See, e.g., Terry v. Byars, C/A No. 4:12-1798-SB-TER, 2012 WL 6102938, at *6 (D.S.C. Dec. 10, 2012) ("The ultimate uncertainty of the state court's disposition of the claim qualifies for good cause under Rhines."); Williams v. Fahey, C/A No. 3:09CV769, 2011 WL 2443722, at *4 (E.D. Va. June 14, 2011) ("The Supreme Court's limited comments on what constitutes good cause to warrant stay and abeyance do not indicate that the standard is meant to be inordinately demanding.") (citing Pace v. Diguglielmo, 544 U.S. 408, 416 (2005) and Rhines, 544 U.S. at 279 (Stevens, J., concurring)).

Similarly, in opposing Wood's assertion that his grounds are not plainly meritless and that he is not engaging in dilatory tactics, the respondents reiterate their position that Wood's pending PCR action will be dismissed. As stated above, based on the facts and circumstances of this case at this time, the court finds that the state court should make the determination whether Wood's pending PCR application should be dismissed or considered on the merits. Therefore, based on the information currently available, the court finds that Wood's unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.

**ORDER**

Based on the foregoing, it is hereby

**ORDERED** that the Petitioner's Motion to Stay is granted. The Petitioner shall notify the court within five (5) days of the state PCR court's ruling on the Petitioner's currently pending PCR application and the status of the state action. The status of the stay and a briefing schedule will be addressed at that time.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 23, 2013
Columbia, South Carolina